**FIRST UNION TRUST & SAVINGS BANK**
**v. UNITED STATES.**
**No. L–73.**

Court of Claims.
Dec. 4, 1933.

administrator with will annexed was substituted as plaintiff.

John F. Jelke was the sole owner of a large and prosperous business in the city of Chicago. He had a wife and two sons. One of the sons (Frazier) lived in New York, and had been divorced from his wife in 1910, and was subject to demands from her for alimony. In 1917 John F. Jelke gave to his wife 190 shares and to his son, John, Jr., 160 shares in the John F. Jelke Company. In January 1923, John F. Jelke had certificates of stock drawn for 9,722 shares each in the name of his wife, Louanna F. Jelke, John F. Jelke, Jr., and F. Frazier Jelke. After a family conference, the certificate issued in the name of F. Frazier Jelke was indorsed by him and returned by his father to the company and marked "Cancelled and never issued.—Void." It is plain from this return of the certificate that the gift made by the father had been revoked by and with the consent of the son, and the intent was to cancel and declare void the entire transaction. This was done under the advice of the family lawyer, and had as its object the avoidance of the holding of any property in the name of Frazier Jelke to which a claim of alimony could attach.

On March 7, 1924, Frazier Jelke adjusted his marital difficulties by the creation of a trust for his divorced wife, and his mother gave him the money which made the trust estate.

On November 3, 1924, John F. Jelke, the father, had issued to his son, Frazier, 13,333 shares of stock of the John F. Jelke Company, which was the same number of shares which the other brother had been given by the father. On March 16, 1925, John F. Jelke made a gift tax return, and reported these shares issued to his son, Frazier, as a gift by him to his son, and paid the tax thereon on March 17, 1925, in accordance with the gift tax provisions of the Revenue Act of 1924 (sections 319–324 [26 USCA § 1131 note et seq.]).

On January 12, 1928, a claim for refund was filed in which was stated as the basis of the claim: "In the case of Blodgett v. Holden, 276 U. S. 594, 48 S. Ct. 105, the Supreme Court of the United States (November 21, 1927) held that the gift tax imposed under the Revenue Act of 1924 was arbitrary and invalid under the due process clause of the Fifth Amendment. Because the tax conflicts with the Fifth Amendment it is considered unconstitutional generally, and therefore ask that this claim for refund be allowed together with interest."

John E. Hughes, of Chicago, Ill., for plaintiff.

John W. Hussey and Guy Patten, both of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

This suit was commenced by John F. Jelke for the recovery of $342,729.44 tax paid by him on a gift to his son, Frazier Jelke, November 3, 1924. The plaintiff departed this life after suit had been brought, and his

. The Commissioner denied the claim for refund on the ground that the gift had been made on November 3, 1924. The plaintiff filed suit in this court alleging the gift had been made on March 8, 1924.

The plaintiff contends that John F. Jelke created a trust orally on March 7, 1924, in favor of his son, Frazier, and that, as the trust had been established before June 2, 1924, the date the 1924 act applicable to gift taxes went into effect, the decision in the case of Bromley v. McCaughn, 280 U. S. 124, 50 S. Ct. 46, 74 L. Ed. 226, applies, and the tax was erroneously and illegally collected.

A parol trust can be created, but the intention must be plainly manifest and not derived from loose and equivocal expressions of parties made at different times and on different occasions. The question to be decided in this case is, Did the father intend to create a trust and impose an obligation, or did he merely state incidentally the motive which led him to an absolute gift? The record clearly shows that the father intended to treat the two sons in the same manner, and the only obstacle in the way of so doing was the fear by him that, should he give Frazier property (equal to that of his other son, John), the claim of the divorced wife for alimony would attach. This fear of his property going to the divorced wife was the controlling motive which prevented an equal distribution between the two sons, and it seems to have been shared by all the members of the family for many years. It was the impelling reason which prompted the revocation and surrender by father and son of the gift of shares in the company in 1923. The two sons testified that the father stated after March, 1924, he held Frazier's shares in trust for him, but their testimony is not clear and convincing. The language used by the father comports more with the motive which the father had, that he would make a gift to Frazier of the same number of shares as he had given to his other son. The terms of the alleged trust were never mentioned. The father's actions following the alleged conversations with the sons do not comport with the idea that he had created a trust, but, on the contrary, clearly display no trust was ever in contemplation and only an absolute gift was in his mind. Although the domestic troubles of Frazier were finally adjusted and settled in March, nothing was done by the father until November 3, 1924, when he had issued to Frazier the same number of shares as those held by his other son. No dividends were distributed to Frazier until 1925. The record is silent as to any act which shows the father in any way considered himself a trustee of his son. He did not even advance the trifling amount, taking into consideration the great wealth of the father, which was placed in trust for the divorced wife. In his tax return filed in 1925 he designated his act as a gift, in his refund claim filed almost three years afterwards he treats it as a gift, and in every instance, and there are several of them, when he communicated with the Revenue Bureau about his tax return, he invariably referred to what he had done for his son Frazier "as a gift on November 3, 1924"; "On November 3, 1924, the date of the gift"; "My original return was filed on the basis of book value as of November 3, 1924, the date of the gift."

In the refund claim the plaintiff relied upon the unconstitutionality of the entire provisions of the 1924 act in reference to taxes on gifts, and not until the decision of the Supreme Court, Bromley v. McCaughn, supra, holding the tax valid from the date of the enactment of the 1924 act, was this position altered.

We are of the opinion, and so decide, that no oral trust was created in March, 1924, that a gift was made by the father to the son on November 3, 1924, and that the Commissioner was correct in applying the gift taxing provisions of the 1924 act. The petition is dismissed. It is so ordered.