## COOPER v. UNITED STATES.
### No. K–5.

Court of Claims.
June 7, 1937.

H. Maurice Darling, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The incidents upon which plaintiff relies for support of her contention that certain of the income upon which she was held taxable for 1919 was received by her in her capacity as trustee for Regina C. Gilmore began in 1907 with the issuance to plaintiff of a stock certificate of 166⅔ shares of stock of the A. A. Cooper Wagon & Buggy Company and ended in 1932 when plaintiff filed in the record in this case a declaration of trust executed by her October 20 of that year. Plaintiff's evidence in support of her contention that her claimed right to a refund of a portion of the additional tax assessed and collected January 21, 1924, consists principally of various stock certificates. The facts with reference to the transactions and circumstances upon which plaintiff relies to show that a trust was created by A. A. Cooper, Sr., are set forth in detail in the findings and need not be repeated here. The inadequacy of plaintiff's evidence to sustain the claim made is disclosed in the findings, which findings are fully supported and required by the evidence of record. From these findings it is clear that plaintiff's evidence is wholly insufficient to justify the conclusion that a valid trust, parol or otherwise, was created by A. A. Cooper, Sr. The strongest circumstance, if acceptable, in support of plaintiff's contention that a trust was created by A. A. Cooper consists of a stock certificate No. 10, issued for 100 shares of stock of A. A. Cooper,

Inc., and indorsed on the reverse side as follows:

Elizabeth A. Sullivan...................... 50 shares
Mary E. Waller............................. 10 shares
Kathryn J. Cooper.......................... 10 shares
A. A. Cooper, Jr........................... 10 shares
W. F. Cooper............................... 10 shares
Kathryn J. Cooper, Trustee for Regina
   Cooper Gilmore ..................... 10 shares

Beneath this indorsement on the reverse side of the certificate is a typewritten memorandum directed "To the Secretary of A. A. Cooper, Inc.," and purporting to list the stockholders of the corporation as of December 28, 1918. The first name appearing on this list is "K. J. Cooper, Trustee, Dean Cooper Gilmore—110 shares," and the signature thereto purports to be that of A. A. Cooper (now deceased), the alleged settlor of the trust. However, the great preponderance of the evidence shows that this signature of A. A. Cooper is not genuine, and is not his signature.

A parol trust may be created, and, if established, is as valid and binding as a written agreement; however, a parol trust must be established with definiteness and the intention of the settlor must not be left in doubt and must be shown by the evidence to be plainly manifest. As was held by this court in First Union Trust & Savings Bank, Administrator, v. United States, 5 F.Supp. 143, 78 Ct.Cl. 519, the intention to create a parol trust "must be plainly manifest and not derived from loose and equivocal expressions of parties made at different times and on different occasions." Applying this rule, we find that plaintiff has failed to establish the existence of the trust upon which she here relies. She is, therefore, not entitled to recover upon the ground that a portion of the income which the Commissioner taxed to her was trust income and taxable to others as the beneficiaries of the alleged A. A. Cooper trust.

Plaintiff further contends that if it should be held that the purpose of A. A. Cooper, plaintiff's father, was to make her the trustee of certain property, but that he failed to take the proper steps to accomplish this, plaintiff, in that event, received the property subject to a resulting trust in favor of A. A. Cooper and only a one-sixth of the trust property descended to and belonged to plaintiff and a second one-sixth descended to her niece, Regina Cooper Gilmore.

However, we are of opinion from the entire record that A. A. Cooper not only did not create a trust but did not intend to do so. At most, he desired that his daughter, Kathryn Cooper, the plaintiff herein, should care for his grandchild from her own property as he had done and to this end he desired that she have a double portion of the property when a division thereof was made.

Judgment will be entered in favor of plaintiff for $1,601.83, with interest, as provided by law by reason of the dividend adjustments mentioned in the findings about which there is no controversy. It is so ordered.