## BLODGETT v. HOLDEN, COLLECTOR [1]

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE
SIXTH CIRCUIT.

No. 154.    Argued October 4, 1927.—Decided November 21, 1927.

1. The Revenue Act of 1924, §§ 319–324, in so far as it undertakes
to impose a tax on gifts fully consummated before its provisions
taxing gifts came before Congress, is invalid under the Due Process
Clause of the Fifth Amendment. *McReynolds, J.; Taft, C. J.,*
and *Van Devanter* and *Butler, JJ.,* concurring.  P. 147.
2. The provision of the Act in question should be construed, in favor
of constitutionality, as meant to operate only from the date of the
Act, and only to tax gifts thereafter made. *Holmes, J.; Brandeis,
Sanford,* and *Stone, JJ.,* concurring.  P. 149.

RESPONSE to questions certified by the Circuit Court of
Appeals arising upon review by it of a judgment of the
District Court, 11 F. (2d) 180, in favor of the defendant,
in a suit to recover money exacted of the plaintiff,
Blodgett, by Holden, Collector, as a tax on gifts.

*Mr. Mark Norris* for Blodgett.

This " gift " tax is an unapportioned " direct " tax and
therefore in contravention of Art. I, cl. 3, § 2, and cl. 4,
§ 9 of the Constitution.

The tax, so far as it affects the plaintiff in this case, has
deprived him of property without compensation and with-
out due process of law contrary to the Fifth Amendment.
*McCray* v. *United States,* 195 U. S. 27; *Barclay* v. *Ed-
wards,* 267 U. S. 442; *Schlesinger* v. *Wisconsin,* 270 U. S.
230; *Hammer* v. *Dagenhart,* 247 U. S. 251; *Child Labor
Case,* 259 U. S. 20; *Hill* v. *Wallace,* 259 U. S. 44.  Distin-
guishing, *Stockdale* v. *Ins. Co.,* 20 Wall. 323; *Flint* v. *Stone*

---

[1] The first of the two opinions is here published as modified by a
memorandum decision of Feb. 20, 1928, to be found in the next
volume.

*Co.,* 220 U. S. 111; *Brushaber* v. *U. P. R. R.,* 240 U. S. 1; *Patton* v. *Brady,* 184 U. S. 608; *Billings* v. *United States,* 232 U. S. 261; *Schwab* v. *Doyle,* 258 U. S. 529; *Hecht* v. *Malley,* 265 U. S. 144.

See *McNeir* v. *Anderson,* 10 F. (2d) 813; *Anderson* v. *McNeir,* 16 F. (2d) 970; *Brown* v. *Maryland,* 12 Wheat. 444.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* and *Mr. Robert P. Reeder,* Special Assistant to the Attorney General, were on the brief, for Holden, Collector.

The tax upon transfers of property by gift is not a direct tax but an excise tax. It is not unconstitutional as applied to transfers of property by gift during the earlier portion of the year in which the law was passed.

It is clearly established that retroactive legislation is not unconstitutional as such. The Constitution forbids Congress to enact *ex post facto* laws and it forbids the States to enact *ex post facto* laws and laws impairing the obligation of contracts, but with these express exceptions neither federal nor state legislation is unconstitutional because it is retroactive. See *Calder* v. *Bull,* 3 Dall. 386; *The Peggy,* 1 Cr. 103; *Prize Cases,* 2 Black. 635; *Johannessen* v. *United States,* 225 U. S. 227; *Satterlee* v. *Matthewson,* 2 Pet. 380; *Curtis* v. *Whitney,* 13 Wall. 68; *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140. This Court has sustained state tax laws which were retroactive in scope, *Carpenter* v. *Pennsylvania,* 17 How. 456; *Locke* v. *New Orleans,* 4 Wall. 172; *Seattle* v. *Kelleher,* 195 U. S. 351; *State* v. *Bell,* 61 N. C. 76; and it has sustained similar federal taxes, *Stockdale* v. *Ins. Cos.,* 20 Wall. 323; *Railroad Co.* v. *Rose,* 95 U. S. 78; *Billings* v. *United States,* 232 U. S. 261.

The certificate from the Circuit Court of Appeals states that the gifts under consideration were made between January first and the approval of the law, but it

does not say that they were made before February 26, when the House of Representatives decided that such gifts should be taxed. For all that appears, the gifts were not made more than a day before the law was approved.

The only question which is here necessarily involved is whether Congress may constitutionally tax a transfer by gift made while Congress is enacting the tax law, or even after both Houses of Congress have passed the law and it is awaiting the action of the President. This case is not like that of *Nichols* v. *Coolidge,* 274 U. S. 531.

A tax upon the transfer by gift of state and municipal bonds is not a tax upon those bonds and may be imposed by Congress without unconstitutionally interfering with the operations of the governments issuing them.

Messrs. *John W. Davis, Montgomery B. Angell,* and *Blount Ralls; Ira Jewell Williams, Nathan Glicksman, Louis Quarles,* and *Ira Jewell Williams, Jr.; C. Alexander Capron* and *Russell L. Bradford; Daniel J. Kenefick* and *Lyman M. Bass; Henry G. Gray* and *George G. Zabriskie;* and *Louis Marshall* filed briefs as *amici curiae,* by special leave of Court.

MR. JUSTICE MCREYNOLDS:

The Circuit Court of Appeals for the Sixth Circuit has certified three questions and asked instructions in respect of them. Title 28, § 346, U. S. C. It is only necessary to answer the one which follows.

"Are the provisions of Secs. 319–324 of the Revenue Act of 1924, c. 234, 43 Stat. 313, unconstitutional insofar as they impose and levy a tax upon transfers of property by gifts *inter vivos,* not made in contemplation of death, and made prior to June 2, 1924, on which date the Act was approved, because the same is a direct tax and unapportioned, or because it takes property without due process,

or for public use without just compensation, in violation of the Fifth Amendment? "

The Revenue Act approved June 2, 1924, provides—

" Sec. 319. For the calendar year 1924 and each calendar year thereafter, a tax equal to the sum of the following is hereby imposed upon the transfer by a resident by gift during such calendar year of any property wherever situated, whether made directly or indirectly, and upon the transfer by a nonresident by gift during such calendar year of any property situated within the United States, whether made directly or indirectly: 1 per centum of the amount of the taxable gifts not in excess of $50,000; etc. . . .

" Sec. 320. If the gift is made in property, the fair market value thereof at the date of the gift shall be considered the amount of the gift. Where property is sold or exchanged for less than a fair consideration in money or money's worth, then the amount by which the fair market value of the property exceeded the consideration received shall, for the purpose of the tax imposed by section 319, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year."

Section 321 allows certain deductions—$50,000; donations for charitable purposes, etc. . .

Section 322 is unimportant here.

" Sec. 323. Any person who within the year 1924 or any calendar year thereafter makes any gift or gifts in excess of the deductions allowed by section 321 shall, on or before the 15th day of March, file with the collector a return under oath in duplicate, listing and setting forth therein all gifts and contributions made by him during such calendar year. . . .

" Sec. 324. The tax imposed by section 319 shall be paid by the donor on or before the 15th day of March, and shall be assessed, collected, and paid in the same manner and

subject, in so far as applicable, to the same provisions of law as the tax imposed by section 301."

Act of February 26, 1926, 44 Stat. 9, 86, c. 27.—

" Sec. 324. (a) Section 319 of the Revenue Act of 1924 is amended to read as follows:

" ' Sec. 319. For the calendar year 1924 and the calendar year 1925, a tax equal to the sum of the following is hereby imposed upon the transfer by a resident by gift during such calendar year of any property wherever situated, whether made directly or indirectly, and upon the transfer by a nonresident by gift during such calendar year of any property situated within the United States, whether made directly or indirectly: 1 per centum of the amount of the taxable gifts not in excess of $50,000; . . .' [Some of the succeeding percentages are less and some are higher than those specified by the Act of 1924.]

"(b) Subdivision (a) of this section shall take effect as of June 2, 1924."

During the calendar year 1924, and prior to June 2, plaintiff Blodgett, a resident of the United States, transferred by gifts *inter vivos,* and not in contemplation of death, property valued at more than $850,000.00; after June 2 he made other gifts valued at $6,500.00. The collector exacted of him the tax prescribed by the Act of 1924, as amended, on such transfers and this suit seeks recovery of the sum so paid. The claim is that the taxing Act, if applicable in the circumstances stated, conflicts with the Fifth Amendment.

At the argument here counsel for Blodgett affirmed that all the transfers prior to June 2 were really made during the month of January; and the accuracy of this statement was not questioned. Under the circumstances, we will treat this affirmation as if it were part of the recital of facts by the court below.

The brief in behalf of the Collector sets out the legislative history of the gift tax provisions in the Revenue Act

.of 1924 and shows that they were not presented for the consideration of Congress prior to February 25 of that year. We must, therefore, determine whether Congress had power to impose a charge upon the donor because of gifts fully consummated before such provisions came before it.

In *Nichols* v. *Coolidge,* 274 U. S. 531, this Court pointed out that a statute purporting to lay a tax may be so arbitrary and capricious that its enforcement would amount to deprivation of property without due process of law within the inhibition of the Fifth Amendment. As to the gifts which Blodgett made during January, 1924, we think the challenged enactment is arbitrary and for that reason invalid. It seems wholly unreasonable that one who, in entire good faith and without the slightest premonition of such consequence, made absolute disposition of his property by gifts should thereafter be required to pay a charge for so doing.

Determination of the cause does not require us to consider other objections to the Statute which have been advanced. And it is unnecessary to express an opinion concerning the validity of the Statute as to transfers subsequent to June 2. Here, all such gifts were within the exemption granted.

So far as the Revenue Act of 1924 undertakes to impose a tax because of the gifts made during January, 1924, it is arbitrary and invalid under the due process clause of the Fifth Amendment.

.The CHIEF JUSTICE, MR. JUSTICE VAN DEVANTER, and MR. JUSTICE BUTLER concur in this opinion.

## MR. JUSTICE HOLMES:

Although research has shown and practice has established the futility of the charge that it was a usurpation when this Court undertook to declare an Act of Congress unconstitutional, I suppose that we all agree that to do

so is the gravest and most delicate duty that this Court is called on to perform. Upon this among other considertions the rule is settled that as between two possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, our plain duty is to adopt that which will save the Act. Even to avoid a serious doubt the rule is the same. *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366, 407, 408. *United States* v. *Standard Brewery,* 251 U. S. 210, 220. *Texas* v. *Eastern Texas R. R. Co.,* 258 U. S. 204, 217. *Bratton* v. *Chandler,* 260 U. S. 110, 114. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 390. Words have been strained more than they need to be strained here in order to avoid that doubt. *United States* v. *Jin Fuey Moy,* 241 U. S. 394, 401, 402. In a different sphere but embodying the same general attitude as to construction, see *United States* v. *Goelet,* 232 U. S. 293, 297

By § 319 of the Revenue Act of 1924, (June 2, 1924, c. 234; 43 Stat. 253, 313) a tax is laid on gifts 'For the calendar year 1924 and each calendar year thereafter.' In the Code the words are ' during any calendar year.' Title 26, § 1131. The latter phrase brings out what I should think was obvious without its aid, that the purpose is a general one to indicate the periods to be regarded, as distinguished from fiscal years, not necessarily to run counter to the usual understanding that statutes direct themselves to future not to past transactions. *Reynolds* v. *McArthur,* 2 Pet. 417, 434. *Shwab* v. *Doyle,* 258 U. S. 529, 534. *Lewellyn* v. *Frick,* 268 U. S. 238, 251, 252. If when the statute was passed it had been well recognized that Congress had no power to tax past gifts I think that we should have no trouble in reading the Act as meant to operate only from its date and only to tax gifts thereafter made. If I am right, we should read it in that way now. By § 324 (a) of the Revenue Act of 1926, (February 26, 1926, c. 27; 44 Stat. 9, 86,) § 319 of the Act of 1924 is amended

and the rates of taxation are reduced, and then by (b) it is provided that 'subdivision (a) of this section shall take effect as of June 2, 1924,' the date when the earlier act was passed. A reasonable interpretation is that the reduction and the tax operate alike on gifts after that date. Taking both statutes into account, and the principles of construction to which I have referred, I think it tolerably plain that the Act should be read as referring only to transactions taking place after it was passed, when to disregard the rule 'would be to impose an unexpected liability that if known might have induced those concerned to avoid it and to use their money in other ways.' *Lewellyn* v. *Frick*, 268 U. S. 232, 251, 252.

On the general question whether there is power to tax gifts I express no opinion now. I agree with the result that the plaintiff is entitled to recover the taxes paid in respect of gifts made before the statute went into effect.

MR. JUSTICE BRANDEIS, MR. JUSTICE SANFORD and MR. JUSTICE STONE concur in this opinion.