**O'CONNOR v. ANDERSON, Collector of Internal Revenue for Third District of New York.**

Circuit Court of Appeals, Second Circuit.
October 29, 1928.

No. 73.

Roosevelt & O'Connor, of New York City (D. Basil O'Connor and Egbert H. Womack, both of New York City, of counsel), for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Crawford, Asst. U. S. Atty., of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. The appellant sued to recover a gift tax paid by him pursuant to the provisions of sections 319–324 of the Revenue Act of 1924 (43 Stat. 253, 313–316; 26 USCA §§ 1131–1136). During the calendar year 1925, appellant made gifts in the sum of $91,790.18. He reported such gifts upon the form provided therefor by law and paid the tax imposed by the Commissioner of Internal Revenue under protest. He sued to recover the tax so paid. His complaint was dismissed on motion by appellee. Upon this appeal he urges that, if the gift tax be applicable to him, it is void because it is a direct tax, and not apportioned as required by the Constitution.

In Blodgett v. Holden, 275 U. S. 142, 48 S. Ct. 105, 72 L. Ed. 206, it was decided, by a divided court, that in so far as this Revenue Act of 1924 (sections 319–324) imposed a tax on gifts fully consummated before its provisions taxing gifts came before Congress, it was invalid under the due process clause of the Fifth Amendment. Four Justices concurred and four held that the act in question should be construed in favor of constitutionality, as meant to operate only from the date of the act, and only to tax gifts thereafter made. One Justice was absent. At a later date, in Untermyer v. Anderson, 276 U. S. 440, 48 S. Ct. 353, the court held that, in so far as applicable to bona fide gifts, not made in anticipation of death, and fully consummated prior to June 2, 1924, these provisions are arbitrary and invalid under the due process clause, and the fact that the gift was made while the legislation was pending in Congress did not differentiate the cause from the former decision in Blodgett v. Holden, supra. Four of the Justices again dissented.

The contention on this appeal that the gift tax is a direct tax and unconstitutional was fully considered by us in Anderson v. McNeir (C. C. A.) 16 F.(2d) 970, and we held that the tax was constitutional. The reasons we there advanced we think appli-

cable to a situation such as is presented here, where the gifts were made after the calendar year of 1924 when the gift tax was in force. Nothing said in Blodgett v. Holden, supra, or Untermyer v. Anderson, supra, militates against the views we expressed as to the nature of the gift tax, or affects it as an authority in support of the contention of the appellee that the gift is an excise and not a direct tax.

Order affirmed.