Triplex Safety Glass Co. of North America v. Commissioner.
Triplex Safety Glass Co. v. Commissioner
Docket No. 110625.
United States Tax Court
1943 Tax Ct. Memo LEXIS 97; 2 T.C.M. (CCH) 900; T.C.M. (RIA) 43444; September 30, 1943
*97 Ambrose L. O'Shea, Esq., 150 Broadway, New York, N.Y., for the petitioner. Thomas H. Lewis, Jr., Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax for the taxable year ended June 19, 1940, in the sum of $101,154.70. By amended petition petitioner contends that respondent erred in two respects: (1) by calculating the tax pursuant to the rates imposed by the second Revenue Act of 1940, rather than the Revenue Act of 1939 which was in force on June 19, 1940 when steps were taken to finally liquidate petitioner corporation; and (2) by disallowing as a deduction that part of an estimated payment of $50,000 for legal and accounting services in connection with pending tax litigation which was not actually paid during the year 1940. There is no dispute as to the evidentiary facts. Findings of Fact The petitioner is a Delaware corporation and its return for the period here involved was filed with the collector of internal revenue for the district of Delaware on December 31, 1940. Petitioner, from the date of its incorporation in 1926 down to January 1932, was engaged in the manufacture and sale of laminated *98 glass. During the year 1932, the petitioner abandoned its business purposes and from 1936 down to the present time has not been actively engaged in business but was continued solely for the purpose of prosecuting to a conclusion a suit for infringement of its patent against Pittsburgh Plate Glass Co. The petitioner has not been dissolved. On April 20, 1940, petitioner received $514,304.12 in final payment of damages for infringement of its patent from Pittsburgh Plate Glass Co. and $85,865.30 as interest thereon. In filing its return the petitioner included the interest received as income but did not include the $514,304.12. Upon examination of the return the Commissioner increased the income by the amount of the damages received and of a debt recovery. The property of his action in these regards is not contested in this proceeding. From August 1, 1937 to date, petitioner was in receipt of no other moneys than the amounts mentioned above and during that period disbursed no moneys except in liquidation of its stock and in payment of taxes and the necessary expenses for the prosecution of the infringement suit and expenses incurred in connection with its taxes. On May 13, 1940, petitioner's *99 president suggested to its board of directors and the board of directors adopted resolutions providing for the complete liquidation of the company and the calling of a meeting of the stockholders for the purpose of passing on the proposed complete liquidation of the company. On June 18, 1940, a meeting of the stockholders was duly called and held at the office of the company. At this meeting the stockholders adopted resolutions providing a plan for the complete liquidation of the company, providing necessary machinery for carrying out such plan and providing for the reserve of a certain amount of money to be used to pay any possible Federal income or any other taxes that might thereafter be assessed against the company and also to pay necessary legal and necessary other expenses for prosecuting certain litigations. On June 19, 1940, in accordance with this resolution, the then known debts of the company aggregating approximately $107,000 were paid and approximately $372,000 was distributed to stockholders. These disbursements left in the company's treasury approximately $120,000 which, pursuant to the aforesaid resolution, was to be used to pay future taxes if any were asserted *100 and future expenses of litigation and liquidation. Petitioner, at that time, had no other assets. Petitioner estimated that its Federal taxes would be approximately $70,000 and the expense during the then current year and later years incident to tax litigation and liquidation, including the compensation to attorneys, accountants and management, would be approximately $50,000. This amount was deducted by petitioner from its gross income for the taxable period. During the year 1940 the taxpayer paid for expenses of litigation and liquidation as provided in this resolution the sum of $15,123.36, and the respondent has allowed the deduction of that amount from income, but has disallowed the balance of the estimated expenses which were not paid in 1940. Petitioner also paid Federal income taxes in the sum of $69,588.23. This tax was computed under the provisions of and at the rates specified in the Revenue Act of 1939. At December 31, 1940, no services had been rendered for the petitioner company by attorneys, accountants or others which had not been paid. Opinion KERN, Judge: The first contention made by petitioner in this case is that the taxation of its income during the period January *101 1, to June 19, 1940, must be pursuant to the rates established by the Revenue Act of 1939, and not pursuant to the second Revenue Act of 1940, since the final liquidation of petitioner was begun on June 19, 1940, and the second Revenue Act of 1940 was not approved until October 8, 1940. Although the pertinent section of the latter Act was by its terms applicable to taxable years beginning after December 31, 1939, petitioner contends that the application of the rates imposed by this Act to petitioner's income realized during the period January 1, to June 19, 1940, would be so unreasonable, oppressive, arbitrary and capricious as to be invalid by virtue of the Fifth Amendment to the Constitution of the United States, citing Nichols v. Coolidge, 274 U.S. 531; Blodgett v. Holden, 275 U.S. 142; Untermyer v. Anderson, 276 U.S. 440; and Welch v. Henry, 305 U.S. 134. Petitioner's contention on this issue is without merit. See Welch v. Henry, supra,Updike v. United States, 8 Fed. (2d) 913; United States v. Armstrong, 26 Fed. (2d) 227. *102 Petitioner's second contention has to do with its deduction of $50,000, its estimate of future expenses incident to the conduct of certain tax litigation. Of this amount respondent allowed only $15,123.36, representing expenses "actually incurred during the taxable period." Petitioner contends that prior to its dissolution it made arrangements to pay reasonable charges to lawyers and accountants in connection with tax suits then pending, that these charges were accurately estimated and that the amount of the estimated charges should be deducted during the taxable period even though not paid until later. At the hearing petitioner's only witness testified that the payments made to lawyers and accountants during the taxable year were payments in full for services rendered during that period and that the remainder of the $50,000 was intended to pay for services to be rendered after December 31, 1940. Petitioner cites no authorities in support of his contention on this issue but rests his case upon general considerations of equity, pointing out that only during the taxable period would petitioner have income from which deductions could be made. While this Court always desires to do *103 equity to the parties before it, as that phrase is synonymous with "do justice", our primary function is the interpretation of the Federal taxing statutes. Petitioner here is claiming a deduction from gross income. In order to obtain the deduction in question it is necessary to find a statutory sanction for it, since it is now axiomatic that deductions are matters of legislative grace. The only statute under which the deduction in question might be claimed is the statute granting a deduction on account of "expenses paid or incurred during the taxable year." Expenses for services are not incurred until the services are rendered. See Amalgamated Housing Corporation, 37 B.T.A. 817, 829, affirmed 108 Fed. (2d) 1010. The services for which the payments were estimated by petitioner were not rendered until after the close of the taxable year. Therefore, petitioner is not entitled to deduct that part of such payments not actually made during the taxable year. Decision will be entered for respondent.