RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; MIGUEL P. GRAU ARECCO ET AL., Interveners.

No. 216. Argued May 13, 1949.—Decided July 30, 1949.

*Vicente Géigel Polanco, Attorney General (Luis Negrón Fernán-*
*dez,* former *Attorney General,* on motion for certiorari) and·
*J. B. Fernández Badillo, Assistant Attorney General,* for pe--
titioner. *J. J. Ortiz Alibrán* and *Oscar Souffront* for inter-
veners, complainants in the main action.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the
Court.

Act No. 303 of 1946 to levy taxes on inheritances and
gifts, retroactive to March 22, 1946, the date on which it
was introduced in the House of Representatives, went into
effect on April 12, 1946. On the 28th of March 1946, the
Grau Arecco spouses gave to each one of the interveners,
herein the sum of $30,000.

The Treasurer of Puerto Rico, according to the provi-
sions of said Act, imposed the corresponding tax on the
donees. The donees appeared before the Tax Court for the
review of this assessment. They based their complaint on
the fact that the retroactive application of the Act was un-
constitutional. The Tax Court agreed with their contention
and sustained the complaint invoking the cases of *Blodgett*
v. *Holden,* 275 U. S. 142, and *Untermyer* v. *Anderson,* 276
U. S. 440.

In the Blodgett case, the statute involved, im-
posed the tax on the donor, and the gift had been made be-
fore the Act went into effect. ˋ Only eight justices parti-
cipated in the decision. Three of them concurred in the
opinion delivered by Judge McReynolds, wherein it is stated
as follows:

". . . It seems wholly unreasonable that one who, in entire
good faith and without the slightest premonition of such conse-
quence, made absolute disposition of his property by gifts should
thereafter be required to pay a charge for so doing."

The other four justices did not agree with this reasoning.
They were of the opinion that the Act should be given an in-
terpretation. that would insure its constitutionality and that
the way to attain this was by construing it prospectively. In

*Untermyer* v. *Anderson, supra,* the same question arose again. In this last case the Act was declared unconstitutional for the reasons set forth in Judge McReynolds' opinion. This case dealt with a tax levied on a gift made after the bill had been presented to Congress, but prior to its approval and effective date. Subsequently, in *Welch* v. *Henry,* 305 U. S. 134, in stating the grounds on which the decision in *Untermyer* v. *Anderson, supra,* rested, it was said:

"In the cases in which this Court has held invalid the taxation of gifts made and completely vested before the enactment of the taxing statute, decision was rested on the ground that the nature or amount of the tax could not reasonably have been anticipated by the taxpayer at the time of the particular voluntary act which the statute later made the taxable event. (Cases) Since, in each of these cases, the donor might freely have chosen to give or not to give, the taxation, after the choice was made, of a gift which he might well have refrained from making had he anticipated the tax, was thought to be so arbitrary and oppressive as to be a denial of due process. But there are other forms of taxation whose retroactive imposition cannot be said to be similarly offensive, because their incidence is not on the voluntary act of the taxpayer. And even a retroactive gift tax has been held valid where the donor was forewarned by the statute books of the possibility of such a levy. (Case) In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation.

"Property taxes and benefit assessments of real estate, retroactively applied, are not open to the objection successfully urged in the gift cases. (Cases) Similarly, a tax on the receipt of income is not comparable to a gift tax. We can not assume that stockholders would refuse to receive corporate dividends even if they knew that their receipt would later be subjected to a new tax or to the increase of an old one. The objection to the present tax is of a different character and is addressed only to the particular inconvenience of the taxpayer in being called upon, after the customary time for levy and payment of the tax has passed, to bear a governmental burden of which it is said he had no warning and which he did not anticipate."

It is true that in the *Welch* case, *supra*, an income tax was involved, while the tax herein is on gifts; but the reasoning in the last paragraph quoted from the opinion in the *Welch* case, *supra*, is perfectly applicable to the case at bar. Just as a taxpayer would not refuse to receive income for the mere fact that he might risk having to pay a retroactive tax thereon, a donee likewise would not refuse the gift because he might be subject to the payment of an unexpected tax thereon, for whether or not the tax were imposed, he would still benefit by the gift. The situation might be different if the tax were paid by the donor, for had he foreseen that he was bound to pay the tax, perhaps he would not have been willing to make the gift. In the case at bar, as we have noted, the Act does not impose the tax on the donor, but on the donee, and the latter can not allege surprise because of the assessment of a tax on a gift which he, with or without the tax, would have accepted. For these reasons the statements of Mr. Justice McReynolds in *Blodgett* v. *Holden*, *supra*, above quoted, are inapposite.

We are of opinion that Act No. 303 of April 12, 1946, is constitutional.

The decision appealed from should be reversed and the case remanded to the lower court for further proceedings consistent with this opinion.

Mr. Justice Negrón Fernández did not participate herein.