ZANT, WARDEN v. MOORE

No. 87-1104.   Argued November 29, 1988—Decided March 29, 1989

*Susan V. Boleyn*, Senior Assistant Attorney General of Georgia, argued the cause for petitioner.   With her on the briefs were *Michael J. Bowers*, Attorney General, *Marion O. Gordon*, First Assistant Attorney General, and *William B. Hill, Jr.*, Senior Assistant Attorney General.

*John Charles Boger* argued the cause for respondent. With him on the brief were *Daniel J. Givelber* and *Julius L. Chambers*.*

PER CURIAM.

The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *Teague* v. *Lane, ante,* p. 288.

JUSTICE BRENNAN, concurring.

While I concur in the disposition of this case, I share JUSTICE BLACKMUN's concern as to whether petitioner should be permitted to raise the retroactivity issue at this point in the proceedings.   In my view this is a matter for the Court of Appeals to address in the first instance, when it reconsiders the case in light of our recent decision in *Teague* v. *Lane, ante,* p. 288.

JUSTICE BLACKMUN, dissenting.

I would dismiss the petition for certiorari as having been improvidently granted, rather than vacate and remand the

*\*Kent S. Scheidegger* filed a brief for the Criminal Justice Legal Foundation as *amicus curiae* urging reversal.

case for reconsideration in the light of *Teague* v. *Lane, ante,* p. 288. The Court's discussion of retroactivity in *Teague,* to be sure, could have some bearing on the issues in this case. But petitioner did not raise nonretroactivity as a defense to respondent's claim for federal habeas relief, and that defense therefore should be deemed waived.

In *Teague,* the Court did not consider the claim of nonretroactivity to have been waived. Instead, it addressed retroactivity as a threshold matter. But that approach was dictated by the posture of the case. The petitioner in *Teague* sought the announcement of a new rule of constitutional law to be applied for the first time in his case. It was this Court's judgment that no new rule of law should be announced in the first instance in a habeas case if similarly situated habeas petitioners could not benefit from that rule because of established principles of nonretroactivity. The present litigation is in a different posture in that respondent here did not seek the announcement of a new rule of constitutional law in his case in the first instance. I see no reason to give petitioner a second opportunity to interject the issue of nonretroactivity as a defense.

In any event, I must assume that it is not the thrust of this Court's order to prejudge the availability of a retroactivity defense. That issue is for the Court of Appeals on remand.