[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12229
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00037-JRH-WLB

PAMELA JORDAN,

Plaintiff - Appellant,

versus

COLUMBIA COUNTY BOARD OF EDUCATION,
COLUMBIA COUNTY SCHOOL SYSTEM,
DEPARTMENT OF TRANSPORTATION,
CHARLES R. NAGEL,
Superintendent of Schools,
DEWAYNE PORTER,
Director of Transportation,
ROBERT JARRELL,
Assistant Superintendent, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 24, 2012)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pamela Jordan appeals from the district court's order granting defendant Columbia County Board of Education's (the "Board") motion for summary judgment. On appeal, Jordan contends that summary judgment was improper because genuine issues of material fact exist as to her rights as a classified at-will employee. For the reasons that follow, the district court's order granting the Board's motion for summary judgment is affirmed.

## I. Background

Jordan was formerly employed by the Columbia County School District (the "District") as a bus driver. She was terminated on September 29, 2009. Jordan was terminated based on a history of employment misconduct culminating in a violation of the District's policy banning cell-phone use while operating a bus.

Jordan did not have an employment contract with the District; instead, she was considered a classified "at-will" employee under the District's employment

2

scheme. Classified at-will employees within the District are non-certified staff including custodians, bus-drivers, secretaries, paraprofessionals, and nutrition employees. Certified employees, the other category of employees under the District's employment scheme, include teachers, administrators, and certified educators.

The District maintains separate and distinct policies and procedures for certified and classified at-will employees. The policies and procedures addressing complaints and grievances of certified employees are coded "GAE." Certified employees are entitled to an appeal hearing in front of the Board. The policies and procedures applicable to the suspension and termination of classified at-will personnel are coded "GCK." Classified at-will employees are not entitled to an appeal hearing in front of the Board. However, while the GCK plan does not mandate an appeal hearing in front of the Board, classified at-will employees can appeal their termination and meet with their supervisor(s) to discuss their appeal.

In the current matter, Jordan met with Dewayne Porter, Director of the Columbia County Transportation Department, on three separate occasions to discuss the violation of the District's cell-phone policy. Jordan was often combative during these meetings. At the end of their last meeting, Porter informed Jordan of his decision to recommend termination. He also advised Jordan of her

3

right to appeal to Robert Jarrell, Assistant Superintendent of the District.

Jordan subsequently met with Jarrell to discuss Porter's termination recommendation. Jarell reviewed both Jordan's statement as well as documents compiled by Porter. Based on this information, and in accordance with Jordan's history of disciplinary violations, Jarrell decided to uphold the decision to terminate Jordan.

The District Superintendent, Robert Nagle, then reviewed the termination recommendations of both Porter and Jarrell. Nagle upheld the termination recommendations based on Jordan's history of misconduct, insubordination, and policy violations. Nagle then submitted his termination recommendation to the Board. He also informed Jordan of her right to have her termination reviewed by the Board.

Jordan requested that the Board review her termination. She also requested that the Board conduct a hearing on her appeal. Nagle provided the Board with a compilation of documents related to Jordan's case, including Jordan's personal statement regarding the cell-phone incident and the recommendations of Porter and Jarrell.

The Board reviewed these materials and voted to approve the termination recommendation. The Board agreed that a termination hearing was unnecessary

4

because the information provided was sufficient to allow it to make a decision. The Board terminated Jordan based on her extensive history of employee misconduct, violations of School District policies, and insubordination. In addition, the Board determined that the cell-phone incident, which violated both Georgia law and School District policy, constituted appropriate grounds for termination.

On January 15, 2010, Jordan filed a complaint in the Superior Court of Columbia County and alleged that the Board violated her procedural and substantive due process rights when she was terminated from her employment as a bus driver. Jordan sought a writ of mandamus to remedy the Board's allegedly illegal conduct. The Board subsequently removed the case to federal court on the basis of federal question jurisdiction and moved for summary judgment.

The district court for the Southern District of Georgia granted the Board's motion for summary judgment. This appeal followed.

## II. Standard of Review

This court reviews *de novo* a district court's order granting a motion for summary judgment. *Ordway v. United States*, 908 F.2d 890, 893 (11th Cir. 1990). We must determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Celotex Corp.*

5

*v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 107 S. Ct. 2505, 2510 (1986). The court must view the facts in the light most favorable to the non-moving party. *Hinesville Bank v. Pony Express Courier Corp.*, 868 F.2d 1532, 1535 (11th Cir. 1989). Any "reasonable doubts about the facts are resolved in favor of the nonmovant." *Id*. Summary judgment is not appropriate "[i]f more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact . . . ." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

## III. Discussion

In the current matter, Jordan argues that there is a genuine issue of material fact as to whether classified at-will employees are subject to the GAE plan or the GSK plan.[1] As stated earlier, under the District's employment plan, certified employees such as teachers and administrators are subject to GAE policies and procedures. Classified at-will employees such as bus drivers and

---

[1] Jordan also contends that she had a property right in her job and thus her due process rights were violated when the Board denied her request for a termination hearing. Under Georgia law, however, a public employee generally has no property right in at-will employment. *See Ogletree v. Chester*, 682 F.2d 1366, 1369–70 (11th Cir. 1982). Thus, Jordan is not entitled to any type of broader due process outside of the District's employment plan.

paraprofessionals, on the other hand, are subject to GSK policies and procedures.

Jordan, however, believes that classified at-will employees are also subject to the GAE policies and procedures. This belief is based on the language in a 2007 Settlement Agreement between Jordan's union and the District.[2] The pertinent language of the Settlement Agreement reads as follows:

> In the best interest of all parties and all employees, School Board Counsel will draft an expanded grievance policy (GAE-1) for all classified employees, including employees of the Transportation Department. Pursuant to this expanded policy, classified employees with at least 24 months of continuous service with the Board of Education can appeal to the Board of Education or its Personnel Committee any recommendation to terminate such employee(s) before final action to terminate is taken by the Board. The Administration will continue implementing procedures on due process. The administration will prepare procedures to define the process.

Jordan argues that the reference to "GAE-1" in the Settlement Agreement—the code for *certified* employees—entitles her to the benefits enjoyed by certified employees, including the right to an appeal hearing in front of the Board, despite her status as a classified at-will employee.

We disagree. The district court found that the Settlement Agreement's

---

[2] In a prior suit, members of the Transport Workers Union of America, AFL-CIO, and Transport Workers Union Local Union No. 279 filed suit against the District and the Board, alleging that they were denied the opportunity to speak about certain matters and were discriminated against based on their affiliation with the union. In an effort to resolve the issues without a Court proceeding, the parties agreed to the terms of the Settlement Agreement.

7

reference to GAE-1 was a typographical error. Instead, the Settlement Agreement should have read "GSK," the name of the grievance plan to which classified at-will employees are subject.

It is clear to us that the Settlement Agreement should have read "GSK" instead of "GAE-1." First, the language of the Settlement Agreement supports such a finding. As seen above, following the cite to GAE-1, "classified employees" are the only category of employee referenced. Under the District employment scheme, classified employees are subject to the GSK plan, not the GAE plan. In addition, "transportation workers" are named; transportation workers are classified at-will employees as employed by the District. There is no dispute as to this categorization. Furthermore, the affidavits from individuals involved in the negotiations of the Settlement Agreement and subsequent memoranda describing the new grievance procedures under the GSK plan, support a finding that the Settlement Agreement should have read "GSK." It is clear that the Settlement Agreement's reference to GAE-1 instead of GSK was a typographical error. Based on this information, reasonable fact finders could draw no other inference. *See Bannum, Inc.*, 901 F.2d at 996.

As an at-will employee under the District's employment scheme, Jordan was not entitled to a termination hearing. She was merely entitled to appeal the

8

termination decision, which she did.  She was entitled to meet with her supervisors to discuss the termination decision.  She did.  She was entitled to have the Board review the termination decision.  It did.  The District and Board followed the proper policies and procedures afforded to classified at-will employees such as Jordan.

The district court's order granting summary judgment for the defendant Board is **AFFIRMED.**