**Steven DEZAIO, Plaintiff–Appellant,**

v.

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant–Appellee.**

**Docket No. 99–7372**

United States Court of Appeals, Second Circuit.

Argued: Oct. 28, 1999

Decided: Feb. 29, 2000

Thomas F. Bello, Staten Island, New York (Demetrios G. Melis, Law Office of Thomas F. Bello, P.C., Staten Island, NY, of counsel), for Plaintiff–Appellant.

Anne M. Tannenbaum, New York, NY (Milton H. Pachter, Arthur P. Berg, Gerald R. Drasheff, New York, NY, of counsel), for Defendant–Appellee.

Before: SACK, FEINBERG, and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

This is an appeal from a judgment entered April 27, 1999 in the United States District Court for the Eastern District of New York (Weinstein, J.), granting summary judgment to defendant and dismissing plaintiff's complaint. Appellant Steven Dezaio contends on appeal that the district court erred when it dismissed his suit alleging age discrimination on the ground that it was untimely commenced against defendant, the Port Authority of New York and New Jersey (Port Authority). Plaintiff's suit was dismissed because a claimant must file a timely charge with the Equal Employment Opportunity Commission (EEOC) to give that administrative agency an opportunity first to resolve the charge of discrimination. Unless this administrative remedy is exhausted, the district court lacks jurisdiction.

A claim must generally be filed within 180 days after the alleged discriminatory practice, unless the practice occurs in a State that has laws prohibiting the sort of discrimination plaintiff alleges, and also provides a State agency to enforce such laws. If so, claimant has 300 days to file with the EEOC. The dismissal from employment in this case occurred in New York which has both antidiscrimination laws and a State enforcement agency. Plaintiff filed with the EEOC just 14 days before the 300 days expired, but 106 days (over three months) after the 180–day period of limitations had expired.

Unfortunately for plaintiff it is the shorter period that applies to his case because his employer, the Port Authority of New York and New Jersey, is not subject to the discrimination laws of New York. This rule trips up laypersons and lawyers alike because more often than not most people are unaware of this qualification regarding employers not subject to the discrimination laws in States like New York that have such comprehensive laws. Appellant professes he was unaware of the qualification of the 300–day rule that ordinarily applies in discrimination suits brought in federal court in New York.

Be that as it may, ignorance of the law excuses no one; not because courts assume everyone knows the law, but because this excuse is one all will plead and no one can refute. Consequently, to be certain of preserving his rights, an employee believing himself the object of wrongful discrimination has six months from the date of that act to file a claim with the EEOC, otherwise his rights to legal redress in court may be lost. Here that right was lost for failure to timely file his complaint with the EEOC within 180 days of his discharge from employment.

## BACKGROUND

On January 19, 1996 the Port Authority notified plaintiff that it was terminating his employment as part of a reduction-in-force. At the time, Dezaio had been employed by defendant for just over seven years and was 58 years old. He filed what he styles a "charge of discrimination" with the EEOC on November 1, 1996—286 days after the alleged discriminatory act—claiming that his discharge violated the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.* (1994). Some dispute exists as to whether plaintiff's initial EEOC filing satisfied the EEOC's procedural requirements for filing a charge, but it is undisputed that the acts underlying the EEOC complaint occurred in New York.

The Port Authority is an unusual public authority. It came into being in 1921 when, pursuant to the Constitution, U.S. Const. art. I, § 10, cl.3, Congress approved a Compact between the States of New York and New Jersey to develop public transportation, terminal, and other facilities of commerce within the statutory Port District that embraces portions of both States. *See* 42 U.S. Stat. Ch. 77 (1921), consenting to 1921 N.J. Laws Ch. 151 and 1921 N.Y. Laws Ch. 154. The Compact is codified at N.Y. Unconsol. Law §§ 6401–23 (McKinney 1979 & Supp.1999). Among the 33 facilities over which the Port Authority exercises control are airports, interstate bridges and tunnels, a railroad, bus stations, marine and truck terminals, and the World Trade Center.

After a hearing, the district court issued an order filed March 11, 1999, granting the motion for summary judgment and dismissing the complaint. Judgment was entered on April 27, 1999 from which this appeal was taken.

## DISCUSSION

We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo. See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994).

■ Before bringing a suit under the ADEA, a claimant must file with the EEOC as provided by 29 U.S.C. § 626(d)

(1994). As earlier recited, that statute generally requires a charge to be filed with the EEOC within 180 days after the alleged unlawful practice occurred or within 300 days where the alleged unlawful practice occurred in "a State which has a law prohibiting discrimination in employment because of age *and* establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," 29 U.S.C. § 633(b) (1994) (emphasis added). The reason for this is to exhaust administrative remedies with an eye toward conciliation and resolution of the alleged practice that brought about the *discrimination claim without the need* to resort to litigation. New York has a law prohibiting age discrimination in employment. N.Y. Exec. Law § 291(1) (McKinney 1993 & Supp.1999). In addition, New York's Division of Human Rights may grant or seek relief from such discrimination. *See id.* §§ 293–95.

■ An examination of these State statutes reveals that neither New York anti-discrimination law nor the State Division of Human Rights' jurisdiction extends to the Port Authority. Although the New York Court of Appeals has not addressed the question, the Appellate Division has explicitly approved a lower court holding which ruled that any application of New York's human rights law against the Port Authority would violate the bi-state Compact creating the Authority. *See Bailey v. Port Auth. of New York & New Jersey,* 216 A.D.2d 42, 627 N.Y.S.2d 921 (1st Dep't 1995), *aff'g* No. 40149/92 (N.Y.Sup.Ct. May 3, 1994). *Bailey* squares with the Court of Appeals decision in *Agesen v. Catherwood,* 26 N.Y.2d 521, 311 N.Y.S.2d 886, 260 N.E.2d 525 (1970), which held that New York's minimum wage law does not govern wages paid to Authority employees. That case teaches that internal operations of the Authority—unlike its external conduct which is subject to each of the Compact State's health and safety laws—are independent from the unilateral control of either State without the other's concurrence.

*See id.* at 525, 311 N.Y.S.2d 886, 260 N.E.2d 525. As a result, New York's anti-discrimination laws are not controlling with respect to the time limitations that govern when an individual must file a charge of discrimination with the EEOC. In addition, the State Division of Human Rights has ruled at least twice that it lacks jurisdiction over the Port Authority. *See Settecase v. Port Auth. of New York & New Jersey,* 13 F.Supp.2d 530, 535 (S.D.N.Y.1998) (citing those decisions).

■ Nothing has been cited suggesting that New York's or New Jersey's anti-discrimination laws were intended to affect the internal operation of the Port Authority. That is, it does not appear that either State legislature intended those laws to amend the provisions of the Compact or, more particularly, those provisions that pertain to the Port Authority. As a consequence, to apply unilaterally New York's human rights laws in this case would violate the bi-state Compact. It follows that even in a deferral jurisdiction like New York, where the State's fair employment practices agency has no jurisdiction over the employer, that employer is to be viewed as if it were in a non-deferral State, and accordingly, the 180–day limitation period applies in the case of an employee of the Port Authority.

While the issue of what time limitations control the filing of discrimination claims against the Port Authority, involving both federal and New York law, is one of first impression in this Circuit, the weight of federal authority supports the view we have taken. Under the relevant federal regulation, a "jurisdiction having a FEP [fair employment practices] agency without subject matter jurisdiction over a charge ... is equivalent to a jurisdiction having no FEP agency." 29 C.F.R. § 1601.13(a)(2) (1999). As the trial court noted, decisional law in this Circuit uniformly holds that the Port Authority lies outside New York's anti-discrimination regime. *See Baron v. Port Auth. of New York & New Jersey,* 968 F.Supp. 924, 929

(S.D.N.Y.1997); *Rose v. Port Auth. of New York & New Jersey,* 13 F.Supp.2d 516, 523 (S.D.N.Y.1998); *cf. Settecase,* 13 F.Supp.2d at 535 (Title VII and Americans with Disabilities Act claims).

In an analogous case, involving New Jersey anti-discrimination law, the Third Circuit held—consistent with the views expressed in this opinion—that that State's laws do not apply to the Port Authority. *See King v. Port Auth. of New York & New Jersey,* 106 F.3d 385 (3d Cir.1996), *aff'g* 909 F.Supp. 938, 945 (D.N.J.1995). These decisions fit comfortably within the Supreme Court's statement that "bistate entities created by compact ... are not subject to the unilateral control of any one of the States that compose the federal system." *Hess v. Port Auth. Trans–Hudson Corp.,* 513 U.S. 30, 42, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994).

## CONCLUSION

We conclude therefore that plaintiff is not entitled to assert an ADEA claim against the Port Authority because he failed to file a charge with the EEOC within 180 days after the alleged unlawful practice occurred. Such reduced time from the generally prevailing 300 days period for filing charges limits plaintiff's rights because under New York law the Port Authority lies outside the reach of New York State's anti-discrimination laws and outside the jurisdiction of the New York Division of Human Rights.

For the reasons stated, the judgment dismissing plaintiff Dezaio's complaint is affirmed, without costs to either party.