Ken **BENGARD,** Plaintiff–Appellant,

v.

**UNITED PARCEL SERVICE,**
Defendant–Appellee.

No. 01–9207.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2002.

Thomas F. Bello, New York, NY, for Appellant.

Joseph Baumgarten, Proskauer Rose LLP; Amy Regan, of counsel, New York, NY, for Appellee.

Present CARDAMONE, MINER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (David G. Trager, Judge), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Plaintiff Ken Bengard appeals from an order of the United States District Court for the Eastern District of New York (Trager, J.) granting defendant United Parcel Service's motion for summary judgment. Plaintiff, a practicing Jew, alleges employment discrimination on the basis of religion. We review the district court's grant of summary judgment *de novo.* *See Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 436 (2d Cir. 1999). Summary judgment is proper when there are no genuine issues of material fact to be tried. Fed.R.Civ.P. 56(c).

Plaintiff worked as an auto mechanic for defendant from September 1992 until October 1998. In March 1997, plaintiff complained of numerous incidents of religious harassment. After investigating plaintiff's complaints, defendant responded by removing plaintiff's immediate supervisors from their supervisory positions and demoting them to another department, assigning a new supervisor with whom plaintiff was comfortable working, and instructing plaintiff's co-workers on defendant's zero-tolerance policy with regard to discrimination and harassment.

In October 1998, plaintiff was fired for falsifying his time sheets. Plaintiff filed a claim with the EEOC on June 16, 1999, and the EEOC issued a right-to-sue letter. Plaintiff then brought this lawsuit, alleging claims of hostile work environment, retaliatory discharge, and disparate treatment. The district court rejected each of these claims in turn. *See Bengard v. United Parcel Serv.,* No. 99–CV–8454, 2001 WL 1328551 (E.D.N.Y. Aug.22, 2001).

The district court found that plaintiff's hostile environment claim was time-barred, as the conduct on which the claim is based occurred more than 300 days before plaintiff filed his EEOC complaint in June 1999. *See* 42 U.S.C. § 2000e 5(e)(1); *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708,

712 (2d Cir.1996). Plaintiff argued that where "a plaintiff experiences a 'continuous practice and policy of discrimination ... the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *See Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir.1994) (quoting *Gomes v. Avco Corp.,* 964 F.2d 1330, 1333 (2d Cir. 1992)). Plaintiff pointed to a letter he wrote on August 20, 1998 (the precise cutoff of the 300 day period), complaining of abusive and harassing behavior by one of his supervisors that occurred in June 1998. The district court found that the continuing violation doctrine could not operate to extend the statute of limitations, first because the letter was simply a complaint by plaintiff and was not itself a "discriminatory act" that occurred within the 300–day period, and second because the June 1998 behavior was not related in subject matter to plaintiff's prior experience of religious harassment. *See Bengard,* 2001 WL 1328551, at *4–*8; *see also Johnson v. Nyack Hosp.,* 891 F.Supp. 155, 163 (S.D.N.Y.1995), *aff'd,* 86 F.3d 8 (2d Cir. 1996); *Berry v. Bd. of Supervisors of Louisiana State Univ.,* 715 F.2d 971 (5th Cir. 1983).

The district court also rejected plaintiff's claim of retaliatory discharge, holding that the only protected activity in which plaintiff engaged was his March 1997 complaint of religious harassment. The district court held that this complaint was too remote from plaintiff's discharge in October 1998 to establish the necessary causal relationship between the protected activity and the adverse employment action. The district court further held that the August 1998 letter was not a protected activity, as it made no reference to and did not allege religious harassment. *See Bengard,* 2001 WL 1328551, at *8–*9.

Finally, the district court rejected plaintiff's claim of disparate treatment, holding that his discharge did not occur under circumstances giving rise to an inference of discrimination. *Id.* at *10. Plaintiff had falsified his time sheets to reflect that he was working on company tasks when he was in fact repairing private vehicles; plaintiff's allegation of disparate treatment was based on the fact that a co-worker was also found working on private vehicles with plaintiff but was not fired. The district court noted plaintiff's admission that he had falsified his time sheets, as well as plaintiff's acknowledgment that he knew of defendant's explicit policy that dishonesty would result in immediate dismissal. The district court further explained that defendant had investigated the co-worker's behavior and had concluded that there was no evidence that the co-worker was working on private vehicles on company time. The district court thus concluded that plaintiff and his co-worker were not "similarly situated in all material respects," *see Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 64 (2d Cir.1997), and no claim of disparate treatment could be made. *See Bengard,* 2001 WL 1328551, at *10–*16.

Aside from the foregoing, we take note that the opening brief and appendices filed by counsel for Bengard in this appeal are woefully inadequate and improper in form. For example, the brief does not contain a statement of issues presented for review, nor does it contain a distinct "statement of the case" and "statement of facts" sections, nor does it contain separate "summary of argument" and "argument" sections. Moreover, the appendix does not contain the notice of appeal, and does not have a table of contents. Nor are the docket entries contained in the appendix located immediately following where the appendix would have been if it had been included. Finally, counsel submitted a Special Appendix containing only an additional copy

of the District Court's decision that is strewn with critical, handwritten notes on almost every page, including one page in which the word "bull" is written in the margin. We have commented before on the importance of a properly filed appendix and of our expectation that counsel appearing before this Court comply with both the Federal Rules of Appellate Procedure and the rules of this Court concerning the filing of briefs and appendices. *See Brown v. Artuz*, 283 F.3d 492, 502 (2d Cir.2002) (citing Roger J. Miner, *Common Disorders of the Appendix and Their Treatment*, 3 J.App. Prac. & Process 39, 40 (2001)). As this is not the first time Bengard's counsel has appeared before this Court, *see, e.g., Dezaio v. Port Auth.*, 205 F.3d 62 (2d Cir.2000), his failure to comply with the rules governing the preparation of briefs and appendices is even more disturbing. We are thus putting him and our Clerk's Office on notice that, if he again files papers that fail to comply with these rules, he risks being subjected to "severe sanctions, including dismissal of the appeal." *Brown*, 283 F.3d at 502.

Having considered plaintiff's claims independently, we agree with the district court's conclusions on each claim for substantially the reasons it stated. Accordingly, the district court's grant of defendant's motion for summary judgment is AFFIRMED.