**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3679
_____


PETER J. FENTON, III,

                                    Appellant

v.

THE PORT AUTHORITY OF NY & NJ; PORT AUTHORITY TRANS-HUDSON
CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-05047)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: July 12, 2019)
_____

OPINION[*]
_____


PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Peter J. Fenton appeals the District Court's grant of summary judgment in favor of the Port Authority of New York and New Jersey and the Port Authority Trans-Hudson Corporation (collectively, Appellees). The District Court determined that Fenton's claims of race-based discrimination and retaliation were time-barred. We will affirm.

**I.**

Fenton worked for Appellees in various capacities beginning in 1978. In 1996, Fenton became a Sanitation Supervisor, which is the position he held until his retirement in 2016. His current claims are based on three separate instances. On January 1, 2015, Fenton did not receive a merit increase for his 2014 performance because, according to company policy, he received a 3 out of 5 on his job rating and his salary was above the market reference range for the position he occupied. As per policy, employees who were above their market reference range and received a 3 out of 5 rating did not get merit increases in 2015.

Later that year, the position of General Maintenance Supervisor-Sanitation ("GMSS") was posted on July 1, 2015, and Fenton applied for the position that same day. Fenton and another candidate were interviewed; however, on August 3, 2015, Fenton was notified that he did not receive the promotion to GMSS.

On January 29, 2016, Fenton filed an internal complaint with the Port Authority's Office of EEO Compliance,[1] alleging that he was not promoted to the GMSS position

---

[1] The Port Authority's internal Office of EEO Compliance ensures that the agency complies with federal equal employment opportunity laws and internal Port Authority policies related to those laws. The Office of EEO Compliance internally investigates employee complaints of discrimination and harassment, but it is not the federal agency

2

because the interviewers based their decision solely on race. Dkt. #40-23. Fenton testified that he spoke to Wayne Turner from the Port Authority's Office of EEO Compliance, who advised him "that perhaps [he] may want to contact the federal EEOC people." Dkt. #40-6 at 82, lines 9–15. The Office of EEO Compliance did not investigate Fenton's complaint because he told them that he was going to file an external EEOC complaint.

On February 3, 2016, Fenton went to the EEOC's office in Newark, New Jersey, and completed an EEOC Intake Questionnaire.[2] The EEOC charge of discrimination is dated February 22, 2016.

Around this time, another position, World Trade Center General Maintenance Supervisor ("WTC GMS"), was posted on January 15, 2016. Fenton applied for this position, but the position was subsequently pulled and held in abeyance due to budgetary reasons. Fenton retired on July 28, 2016. The WTC GMS position was reposted later in November 2016, again because of reasons related to the budget, and ultimately filled.

On August 15, 2016, Fenton commenced this action against Appellees, alleging race-based discrimination and retaliation as it related to (1) his failure to be promoted to GMSS on August 3, 2015; (2) his failure to receive a salary increase in January 2015; and (3) the WTC GMS position that was withdrawn after he applied for it. The District Court

_____

known as Equal Employment Opportunity Commission (EEOC).

[2] At oral argument on the motion for summary judgment, Fenton stated that he called the Newark EEOC office on February 1, 2016, and spoke to someone who told him that they were short-staffed and that the first available date for appointment would be February 3, 2016. Dkt. #48 at 12–13.

3

ultimately granted Appellees' motion for summary judgment because Fenton did not file the required EEOC charge within the applicable 180 days.[3] The District Court further reasoned that equitable tolling was unavailable to cure this defect. Fenton timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006).

On appeal, Fenton makes two arguments. First, he argues that the District Court erred in holding that equitable tolling did not apply to his case.[4] Second, he argues that

---

[3] See 42 U.S.C. § 2000e-5(e)(1) (A charge must be filed with EEOC within 180 days from the date of the alleged violation in order to protect the charging party's rights, unless the charge is covered by a state or local anti-discrimination law); see also Dezaio v. Port Auth. of N.Y. & N.J., 205 F.3d 62, 64–66 (2d Cir. 2000) (explaining why the 180-day period applies, as the Port Authority lies outside of New York and New Jersey's anti-discrimination law); hip Heightened Indep. & Progress, Inc. v. Port Auth. of N.Y. & N.J., 693 F.3d 345, 358 (3d Cir. 2012) ("[J]ust as the Dezaio Court found that New York employment discrimination laws could not be applied to the [Port] Authority, so too is New Jersey barred[.]").

[4] Fenton does not challenge the District Court's determination that his EEOC charge was untimely. It is undisputed that (1) the day Fenton failed to be promoted, August 3, 2015, acted as the triggering date that started the time to file an EEOC charge, and (2) that the intake form submitted on February 3, 2016, would have been sufficient for filing purposes. February 3, 2016, was 184 days after August 3, 2015.

4

the District Court erred by not addressing his complaints related to his failure to receive a raise and the retaliation claim related to the WTC GMS position.

**A. Applicability of equitable tolling.**

"Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (quoting Alexander v. Gardner–Denver Co., 415 U.S. 36, 47 (1974)).  A claim is time barred if it is not filed within the time limits set forth in § 2000e–5(e)(1); in this case, that time limit is 180 days.  Id. However, this time period for filing a charge is subject to equitable tolling.  Id. at 113–14. "We have instructed that there are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018).

On appeal, Fenton argues that the first and third Oshiver situations are present here.  As to the first situation, Fenton argues that Wayne Turner from the Port Authority's Office of EEO Compliance actively misled him when Mr. Turner advised him that he "may want to contact the federal EEOC people."  He essentially argues that Mr. Turner had an affirmative duty to correct his mistaken belief that filing with the Port Authority's Office of EEO Compliance was all he needed to do to preserve his claims.

See Appellant's Br. 7. We agree with the District Court's assessment that this interaction did not amount to a situation in which Fenton was actively misled. Indeed, it would appear that Mr. Turner's suggestion was actually helpful, as Fenton *was* required to file with the EEOC. Moreover, Fenton fails to cite to any case law that would support his contention that Mr. Turner owed him any sort of duty to correct his mistaken belief. See Hedges v. United States, 404 F.3d 744, 752 (3d Cir. 2005) (noting that cases point in the opposite direction of holding that an affirmative duty exists); see also Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) ("Running throughout the equitable estoppel cases is *the obligation of the plaintiff* to exercise due diligence to preserve his or her claim." (emphasis added)).

Fenton also maintains that he timely asserted his rights in the wrong forum. He argues that he initially believed that his filing on January 29, 2016, was at an EEOC office. He argues the name of the office "referred to by [Appellees'] employees as the 'EEOC office' or 'EEO office' made it appear that the office was affiliated with the [EEOC]." Appellant's Br. 6. Upon review, we disagree that equitable tolling is appropriate, as the situation described amounts to a failure on Fenton's part to exercise due diligence.[5] See Robinson, 107 F.3d at 1023; see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (noting that principles of equitable tolling do not extend to "what is at best a garden variety claim of excusable neglect"). Consequently, we find

---

[5] It appears that Fenton merely failed to read the Port Authority's EEO guide, which details options for filing an internal complaint of discrimination or external charge of discrimination and gives the contact information for both the New York and New Jersey EEOC. Dkt. #43-3 at 8.

6

no error in the District Court's determination that equitable tolling was unavailable in the situations presented here.

**B. Addressing the merits of Fenton's other claims.**

Finally, Fenton argues the District Court erred by not addressing his complaints related to his failure to receive a raise in 2015 and the retaliation claim related to the WTC GMS position. However, as noted above, Fenton did not file a timely EEOC charge and equitable tolling does not apply. Thus, the District Court was correct to not address the merits of the failure to receive a raise claim, as it was procedurally barred from consideration due to the untimeliness of Fenton's EEOC charge. See Nat'l R.R. Passenger Corp., 536 U.S. at 109.

Furthermore, Fenton did not file a separate EEOC charge for his retaliation claim related to the WTC GMS position; instead, he attempted to bootstrap this allegation to the charge he had already filed. Although this Circuit has recognized a plaintiff's ability to do this, when a claim is bootstrapped to a prior EEOC charge that is untimely—as is the case here—neither claim is properly before the court. See Waiters v. Parsons, 729 F.2d 233, 235 (3d Cir. 1984) ("A victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, *provided that the victim can still bring suit on the earlier complaint*." (emphasis added)); see also Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 86–87 (1st Cir. 2008) (noting a claim of retaliation may ordinarily be bootstrapped onto another prior Title VII claim arising out of the administrative charge, but where "administrative remedies have not

7

been exhausted with respect to any of the other Title VII claims in the civil action, there is nothing properly before the court to which the retaliation claim may be bootstrapped"); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 479 (5th Cir. 1991) (where ADEA age-discrimination claims had been dismissed as untimely and therefore "were not 'properly' before the district court," bootstrapped retaliation claim likewise had to be dismissed, as it had "no charge on which to attach itself"). Consequently, the District Court did not err by declining to address the merits of either claim.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.